## MILWAUKEE GAS SPECIALTY CO. v. MERCOID CORPORATION.

### No. 6823.

Circuit Court of Appeals, Seventh Circuit.

April 28, 1939.

Rehearing Denied June 8, 1939.

---

9 Marker, "Federal Appellate Jurisdiction and Procedure," p. 62; 4 Corpus Juris Secundum, p. 658.

590

Langdon Moore, of Chicago, Ill., for appellant.

Charles V. Hildebrecht and Edward C. Grelle, both of Chicago, Ill., for appellee.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant appeals from an order denying its motion for a temporary restraining order.

On June 29, 1938 plaintiff sued the Mercoid Corporation for infringement of patent No. 1,958,482 issued May 15, 1934. On July 20, 1938 the defendant filed its answer, denying validity and infringement. On August 4, 1938 it filed its motion for a temporary injunction restraining plaintiff from prosecuting this suit pending the final determination of defendant's petition for a declaratory decree under the Federal Declaratory Judgment Act, Sec. 274d, Judicial Code, 28 U.S.C.A. § 400, pending in the Eastern District of Wisconsin, en-

titled The Mercoid Corporation v. Milwaukee Gas Specialty Company.

It appears that on June 13, 1938 the Mercoid Corporation filed in the Eastern District of Wisconsin its petition for declaratory decree, alleging that the Milwaukee Gas Specialty Company had wrongfully charged the Mercoid Corporation with infringement of the patent involved in the instant case and prayed the court to decide whether the patent was valid, and, if so, whether it was infringed by the Mercoid Corporation.

It further appears that the defendant's predecessors in business began the use of "Mercoid" as a trade-mark for thermostatic circuit controlling devices on September 20, 1921 and that on January 1, 1932 the defendant published a bulletin entitled "Announcing Mercoid Sensatherm"; that prior to July 28, 1932 over 1200 Mercoid Sensatherms had been made and sold by defendant; that up to July 21, 1938 over 140,000 had been manufactured and sold, and on July 21, 1938 defendant had orders for 15,000 Sensatherms; that an application for the patent in controversy in the instant case was filed on July 28, 1932; that between February 12, 1932 and March 23, 1934, plaintiff was placed on the mailing list of defendant; that in February, March and May of 1934, Mercoid Installation Instructions, illustrating Mercoid Sensatherm, were published by defendant, and in 1936 and 1937 catalogues illustrating Mercoid Sensatherm had also been published.

It further appears that on March 16, 1938 plaintiff wrote defendant that defendant's catalogue sheet of August 1935 showed a Mercoid Sensatherm, which was an infringement of plaintiff's patent No. 1,958,482 and that unless it discontinued its manufacture, suit would be commenced, and on June 11, 1938 plaintiff notified defendant that unless defendant accepted a license, suit would be brought within ten days.

On August 5, 1938 plaintiff filed its answer in the cause pending in the Eastern District of Wisconsin, including a counterclaim, alleging infringement and praying for an injunction and an accounting.

It also appears that the Wisconsin court has restrained plaintiff from prosecuting the instant case pending the determination of the petition for a declaratory decree.

The issues in the declaratory judgment proceedings and the instant infringement suit are the same, except as to the claim for damages claimed by plaintiff, and the question that presents itself is whether the petition filed under the Declaratory Judgment Act in the Eastern District of Wisconsin takes precedence over the suit for infringement in the instant case.

It is clear that plaintiff claims that defendant's Mercoid Sensatherms infringe a patent which it owns and which it claims is valid. The defendant denies the validity of the patent and that its product infringes and by its petition in the declaratory judgment proceedings so notified the plaintiff. Under such circumstances they stand opposed to each other in respect to legal rights and obligations and a case is presented that is appropriate for judicial determination. Aetna Life Insurance v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105. But that controversy, says the plaintiff, must be determined in the instant case, otherwise it would be deprived of its statutory right to prosecute infringers. With this contention, under the facts in this case, we cannot agree.

In Aetna Life Insurance Co. v. Haworth, supra, 300 U.S. at page 240, 57 S.Ct. at page 463, 81 L.Ed. 617, 108 A.L.R. 1000, it was said:

"In providing remedies and defining procedure in relation to cases and controversies in the constitutional sense the Congress is acting within its delegated power over the jurisdiction of the federal courts which the Congress is authorized to establish. * * * Exercising this control of practice and procedure the Congress is not confined to traditional forms or traditional remedies. * * * In dealing with methods within its sphere of remedial action the Congress may create and improve as well as abolish or restrict. The Declaratory Judgment Act must be deemed to fall within this ambit of congressional power, so far as it authorizes relief which is consonant with the exercise of the judicial function in the determination of controversies to which under the Constitution the judicial power extends."

In E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, the court said, page 854:

"The Declaratory Judgment Act merely introduced additional remedies. It modi-

fied the law only as to procedure and, though the right to such relief has been in some cases inherent, the statute extended greatly the situations under which such relief may be claimed. It was the congressional intent to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued. But the controversy is the same as previously. Heretofore the owner of the patent might sue to enjoin infringement; now the alleged infringer may sue. But the controversy between the parties as to whether a patent is valid, and whether infringement exists is in either instance essentially one arising under the patent laws of the United States. It is of no moment, in the determination of the character of the relief sought, that the suit is brought by the alleged infringer instead of by the owner."

◼ We are of the opinion, therefore, that a petition under the Declaratory Judgment Act seeking the judgment of the court whether the respondent's patent was valid, and, if so, whether it was infringed by petitioner is a suit under the patent laws, and that the district court in the Eastern District of Wisconsin had jurisdiction.

There now remains the question whether the district court for the Eastern District of Wisconsin obtained complete jurisdiction to the exclusion of the district court for the Northern District of Illinois, Eastern Division. Defendant argues "that the court first taking jurisdiction over a controversy shall retain that jurisdiction when a suit is later filed in another jurisdiction involving the same parties and the same issue." To the argument plaintiff replies that the Illinois district court must be permitted to retain jurisdiction of the case, because that court was the first court "seized of the issues identical with the issues in the declaratory judgment case."

◼ Plaintiff bases its argument upon the fact that defendant's answer in the instant case was filed on July 20, 1938 and thereby the court became seized of the issues common to both suits as of that date, whereas the Wisconsin district court did not become seized of the issues in that case until August 5, 1938, this being the date of the filing by plaintiff of its answer and counterclaim. We find no merit in this contention for the reason that the settled rule is that the jurisdiction becomes effective from the filing of the complaint. Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 196, 55 S.Ct. 386, 79 L.Ed. 850.

◼ The general rule is that the court first acquiring jurisdiction is entitled to maintain it until its duty is fully performed, and the jurisdiction involved is exhausted. Harkrader v. Wadley, 172 U.S. 148, 164, 19 S.Ct. 119, 43 L.Ed. 399; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; In Re Georgia Co., 5 Cir., 89 F.2d 218; motion for stay denied, Georgia Power Co. v. Tennessee Valley Authority, 57 S.Ct. 751. In Kline v. Burke Construction Co., supra, 260 U.S. at page 231, 43 S.Ct. at page 82, 67 L.Ed. 226, 24 A.L.R. 1077, the court in discussing this rule said:

"The rule is not only one of comity, to prevent unseemly conflicts between courts whose jurisdiction embraces the same subject and persons, * * *. 'It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience.'"

◼ We conclude, therefore, that the jurisdiction involved by the two suits was concurrent and since the petition in the Wisconsin district court was filed prior to the complaint in the instant case, the jurisdiction of the Wisconsin court first attached and the order of the Illinois district court must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.