## INDEPENDENT PNEUMATIC TOOL CO. v. CHICAGO PNEUMATIC TOOL CO.

### No. 47C855.

District Court, N. D. Illinois, E. D.

Oct. 7, 1947.

Davis, Lindsey, Hibben & Noyes, of Chicago, Ill., for plaintiff.

Clarence J. Loftus, of Chicago, Ill., and Darby & Darby, of New York City, for defendant.

SULLIVAN, District Judge.

This is a suit for a declaratory judgment declaring that two patents owned by defendant are invalid and not infringed. The complaint sets out that Plaintiff is a Delaware corporation, but for the last fifty years has maintained its principal manufacturing plant in Aurora, Illinois, and for over twenty-five years has maintained its principal executive and business offices in Chicago, Illinois. The impact wrench, which defendant claims infringes its Amtsberg and Fitch patents, has been and is being manufactured and assembled only at its Aurora, Illinois, plant, and has been sold in Chicago and vicinity. Defendant is a New Jersey corporation and has its principal office in New York, and its manufacturing plants in Cleveland, Ohio, and Detroit, Michigan. Defendant also maintains a regular place of business at No. 3655 South Iron Street in Chicago, Illinois, and has registered in Illinois as a foreign corporation and is licensed to do business in the State of Illinois and has designated Corporation Trust Company, 208 South La-Salle Street, Chicago, as the statutory agent upon whom summons may be served, and upon which agent summons was served in the instant case.

These facts are set out also in the affidavit of Neil C. Hurley, Jr., president of plaintiff company, and are not denied by defendant.

It is agreed that this cause of action arises under the patent laws of the United States.

Defendant has moved to quash service of process and to dismiss the complaint for insufficiency of service and lack of proper venue on the grounds:

"(a) The venue requirements of Sec. 48 of the Judicial Code (Sec. 109, Title 28, U.S.C.A.) are not met because defendant is not an inhabitant of this District and has not committed any acts of infringement of its own patents.

"(b) The venue requirements of Sec. 51 of the Judicial Code [28 U.S.C.A. § 112] are not met as this case does not come within any exception to the rule that suit must be brought in the District in which the defendant is an inhabitant.

"(c) By registering to do business in the State of Illinois defendant did not waive the venue privilege, since jurisdiction is not founded on diversity of citizenship.

"(d) Service on Corporation Trust Company was not a proper service in this suit arising under the patent laws and brought under the Declaratory Judgment Act [28 U.S.C.A. § 400]."

Defendant relies principally upon the case of American Chemical Paint Co. v. Dow Chemical Co., 161 F.2d 956, decided by the Circuit Court of Appeals for the 6th Circuit on May 26, 1947, which was a declaratory judgment action under the patent laws, brought in Michigan by a Michigan corporation against a Delaware corporation which had appointed an agent in Michigan for the service of process. The defendant moved to dismiss the complaint for improper venue, and plaintiff moved to enjoin the prosecution of a suit subsequently filed by the defendant for infringement of the patent in the Southern District of New York. The District Court denied the motion to dismiss and granted the injunction, which was reversed by the Court of Appeals, that court holding that defendant by registering its agent for service of process in Michigan did not waive its

right to insist on venue as provided by Sec. 51. Defendant insists that this case is decisive of the instant case under the rule of comity. I have carefully read and considered all of the cases cited in the briefs by both parties to this suit on the subject of venue under Sec. 51, and I do not agree with defendant's contention. The real issue before me for disposition is whether plaintiff may maintain this declaratory judgment action on the ground that defendant, having registered to do business in the State of Illinois and maintaining a regular and established place of business in this district, therefore waived the first portion of Section 51 of the Judicial Code, which provides:

"No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

In the case of Penn Electric Switch Co. v. United States Gauge Co., 129 F.2d 166, 167, decided by the Circuit Court of Appeals for the Seventh Circuit in 1942, the plaintiff, an Iowa corporation, brought a declaratory judgment suit in Illinois, seeking to have declared defendant's patent invalid and not infringed, defendant having asserted infringement by means of letters. Defendant was a Pennsylvania corporation with an established and regular place of business in Chicago, Illinois, and was licensed to do business in Illinois. Defendant moved to quash service on its designated agent and to dismiss the complaint on the ground that it had not waived venue by being licensed to do business in Illinois and maintaining a place of business in this district. In the trial court District Judge Barnes, in his order, referred to the Neirbo case, infra, as controlling, and denied the motion. The Circuit Court of Appeals, in affirming the decision, said:

"Defendant objected to the jurisdiction of the United States District Court for the Northern District of Illinois, wherein the suit was brought. Its motion to quash service and dismiss the suit raised two questions, both of which were ruled against it.

"As a basis of this motion defendant alleged, and, by accompanying affidavits, endeavored to prove that it was not an inhabitant of the district wherein the suit was brought; that the offices maintained by it in the City of Chicago were not to make sales contracts, to grant credit, or perform other corporate acts, but were merely to receive orders which were forwarded to its principal office in the city of New York. It likewise argued that the venue of a declaratory judgment suit was fixed by Sec. 51 of the Judicial Code, 28 U.S.C.A. § 112, and the necessary jurisdictional facts were absent in the instant case, to give the District Court jurisdiction.

"We are however, not here reviewing a case of alleged abuse of discretion. We are considering a ruling on a motion to dismiss, for want of jurisdiction. We affirm the action of the District Court in refusing to dismiss the suit.

"(4) The motion to quash the service was also properly denied, because, on the facts shown, defendant was subject to service of process in Illinois. Defendant was licensed to do business in Illinois. It maintained a place of business in Chicago, which, under the facts, was 'a regular and established place of business.' The status of its place of business was recently considered by us in the case of James P. Marsh, a corporation, v. United States Gauge Co., 7 Cir., 129 F.2d 161, decided June 11, 1942."

This holding by the Circuit Court of Appeals for the Seventh Circuit follows the law announced by the Supreme Court of the United States in the case of Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 154, 84 L.Ed. 167, 128 A.L.R. 1437, where it was held that venue section 51 may be waived by registration of a foreign corporation to do business in a state where suit is brought. In that case, to be sure, as defendant argues, the jurisdiction of the court was based upon diversity of citizenship, but suit was not brought in the district or residence of either plaintiff or defendant as is provided for by the second portion of Sec. 51. Justice Frankfurter, who handed down the opinion for the court, broadly stated the question to be decided as follows:

" * * * The sole question in the case is whether § 51 is satisfied by the designation by a foreign corporation of an agent

for service of process, in conformity with the law of a state in which suit is brought against it in one of the federal courts for that state."

"The jurisdiction of the federal courts —their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a lawsuit—the place where judicial authority may be exercised— though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts. * * * All the parties may be non-residents of the district where suit is brought. Lee v. Chesapeake & Ohio Ry. Co., supra [260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443]. Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert or may waive, at his election.' Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S. Ct. 98, 73 L.Ed. 252.

"Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.

"* * * * * *

"In conformity with what is now § 210 of the General Corporation Law of New York (Consol. Laws, c. 23), Bethlehem designated 'William J. Brown as the person upon whom a summons may be served within the State of New York.' The scope and meaning of such a designation as part of the bargain by which Bethlehem enjoys the business freedom of the state of New York, have been authoritatively determined by the Court of Appeals, speaking through Judge Cardozo: 'The stipulation is therefore a true contract. The person designated is a true agent. The consent that he shall represent the corporation is a real consent. He is made the person "upon whom process against the corporation may be served" * * * The contract deals with jurisdiction of the person. It does not enlarge or diminish jurisdiction of the subject-matter. It means that, whenever jurisdiction of the subject-matter is present,

service on the agent shall give jurisdiction of the person.' Bagdon v. Philadelphia & Reading C. & I. Co., 217 N.Y. 432, 436, 437, 111 N.E. 1075, L.R.A.1916F, 407, Ann. Cas.1918A, 389. A statute calling for such a designation is constitutional, and the designation of the agent 'a voluntary act.' Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610.

"In finding an actual consent by Bethlehem to be sued in the courts of New York, federal as well as state, we are not subjecting federal procedure to the requirements of New York law. We are recognizing that 'state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case.' Ex parte Schollenberger, supra, 96 U.S. [369], at page 377, 24 L.Ed. 853."

Defendant insists that the doctrine announced by the Supreme Court in the Neirbo case applies only to cases where diversity of citizenship is involved. In Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537, the court quite apparently applied the Neirbo doctrine, although that was not a diversity of citizenship case, but one involving the constitutionality of a certain order under the Fourteenth Amendment of the United States Constitution. The defendant was a Delaware corporation which had qualified to do business in the state of Oklahoma where suit was brought in the federal court. Jurisdiction was founded solely upon a question of federal law, just as in the instant case the federal patent laws are involved. The Circuit Court of Appeals for the Tenth Circuit 100 F.2d 770, 773, in passing on Sec. 51 of the venue statute, said:

"In the instant case, the Delaware Company filed a special appearance objecting to the venue on the ground it was not an inhabitant of the Western District of Oklahoma. The action of the trial court in overruling the motion is urged as error here.

"* * * * * *

"In the instant case, jurisdiction was based on the fact that the suit was one aris-

ing under the Constitution of the United States, namely, that the enforcement of order No. 3388 would deprive the Gas Corporation of its property without due process of law contrary to the provisions of the Fourteenth Amendment, U.S.C.A.Const. Amend. 14.

\* \* \* \* \* \*

"The provision of Section 51, supra, does not limit the general jurisdiction of the district courts, but merely confers a personal privilege on the defendant which he may waive or assert at his election. The waiver may occur either before or after the commencement of the suit.

\* \* \* \* \* \*

"Where a foreign corporation qualifies to do business in a state in accordance with the statutes of the state, it thereby assents to be sued in the state and federal courts of competent jurisdiction therein, if the statutes of the state respecting the entry of a foreign corporation so provide.

\* \* \* \* \* \*

"Here, the provisions of the Oklahoma Constitution and statutes respecting the admission of foreign corporations to do business in the state provided that such corporations may be sued in the county in which the cause of action arose. By complying with those provisions and obtaining a license to transact a local business in Oklahoma, the Delaware Company did more than appoint a statutory agent for service of process; it assented to be sued in any court, state or federal, whose territorial jurisdiction embraced the county in which the cause of action arose. The cause of action here sued on arose in Oklahoma County. The Western District of Oklahoma embraces that county and a regular term of the court is held at Oklahoma City in that County. We conclude that the Delaware Company, by complying with the provisions of Oklahoma law respecting the domestication of foreign corporations, waived its right to object to the venue of the court and consented to be sued in the District Court of the United States for the Western District of Oklahoma."

When this case was before the Supreme Court of the United States, in passing on waiver of venue under Sec. 51, that court said [309 U.S. 4, 60 S.Ct. 216]:

"Since the case in part was in conflict with the Second Circuit's decision in Neirbo Co. v. Bethlehem Shipbuilding Corp., 103 F.2d 765, and also presented novel aspects of important questions of federal law, we granted certiorari, 306 U.S. 629, 59 S.Ct. 789, 83 L.Ed. 1032."

"At the threshold we are met by the procedural objection, seasonably made, that Wilson & Co., a Delaware corporation, was improperly sued in the District Court of the Western District of Oklahoma. The objection is unavailable. Prior to this suit, Wilson & Co. had, agreeable to the laws of Oklahoma, designated an agent for service of process 'in any action in the State of Oklahoma.' Both courts below found this to be in fact a consent on Wilson & Co.'s part to be sued in the courts of Oklahoma upon causes of action arising in that state. The Federal District Court is, we hold, a court of Oklahoma within the scope of that consent, and for the reasons indicated in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, Wilson & Co. was amenable to suit in the Western District of Oklahoma."

 I am of the opinion that a patent declaratory judgment suit is governed by the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112, under which a suit may be brought only in the district of which the defendant is an inhabitant. The Supreme Court has held in Neirbo Co. v. Bethlehem Shipbuilding Corp., supra, that the designation by a foreign corporation of an agent for the service of process, in a particular state amounts to a consent to be sued in the federal district court in that state, as well as in the state courts. True, the Supreme court has not specifically held that the appointment of an agent by a foreign corporation for service of process amounts to a consent to be sued upon an issue having to do with the questions of validity and infringement of patents which are exclusively under Federal jurisdiction. However, this does not seem to me to be a sufficient basis on which to ground a distinction. As I read the Neirbo opinion, there is nothing to indicate that a party may not waive venue jurisdiction in a patent case in exactly the same way as he may

waive it when jurisdiction is based on diversity of citizenship.

The instant case is distinguishable, if at all, from the Neirbo case only on the ground that in the latter the general jurisdiction of the district court was based on diversity of citizenship and was therefore concurrent with the state courts, while in the instant case the general jurisdiction arises under the patent statutes of the United States where the jurisdiction of the federal courts is exclusive. Defendant contends that this distinction is of importance and compels a different result to that announced in the Neirbo case. However, I have concluded that the instant case is governed by the same principle announced in the Neirbo case. The procedural problem presented in both cases is the same. The question to be resolved is whether the consent to be sued as expressed by defendant's compliance with the Illinois foreign corporation law is as well a consent to be sued in the federal district court for Illinois. The procedural problem here presented is not one of conflict between federal and state judicial power or jurisdiction, but only the application of the general federal venue statute. Whether a particular set of facts constitutes a waiver of the personal privilege set up in the venue statute does not seem to me to depend on whether the jurisdiction of the federal court is concurrent with that of the state court or exclusive thereof. I believe that in either case it may be waived, and in both cases the question is whether it has in fact been waived. Upon the principle announced in the Neirbo case I am of the opinion that in the instant case it has been waived.

I am convinced that the venue of a declaratory judgment action of the type here under consideration is fixed by Sec. 51 of the Judicial Code, and I am satisfied that I am bound by the holding in the Neirbo case. My interpretation leads me to the conclusion that when defendant registered in Illinois and designated an agent upon whom service might be had pursuant to the Foreign Corporation Law, it waived the venue jurisdiction under Sec. 51 and consented to be sued in the Federal courts in Illinois as well as in the state courts for any cause of action.

Defendant's motion to quash service of process and to dismiss the complaint is denied.

Subsequent to the filing of the complaint in the instant case, defendant here filed a suit in Cleveland against the present plaintiff for patent infringement of the patents here involved. This court having first acquired jurisdiction, it is entitled to maintain it until its duty is fully performed and the jurisdiction involved is exhausted. In the case of Milwaukee Gas Specialty Co. v. Mercoid Corporation, 104 F.2d 589, 592, Judge Kerner speaking for the Circuit Court of Appeals for the Seventh Circuit said:

"The general rule is that the court first acquiring jurisdiction is entitled to maintain it until its duty is fully performed, and the jurisdiction involved is exhausted. (citing cases.) In Kline v. Burke Construction Co., supra, 260 U.S. 226, at page 231, 43 S.Ct. 79, at page 82, 67 L.Ed. 226, 24 A.L.R. 1077, the court in discussing this rule said:

" 'The rule is not only one of comity, to prevent unseemly conflicts between courts whose jurisdiction embraces the same subject and persons, * * *. It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience.'

"We conclude, therefore, that the jurisdiction involved by the two suits was concurrent and since the petition in the Wisconsin district court was filed prior to the complaint in the instant case, the jurisdiction of the Wisconsin court first attached and the order of the Illinois district court must be reversed and the cause remanded for further proceedings not inconsistent with this opinion."

The defendant, its officers, agents, employees, associates and attorneys, or any one in its behalf, are enjoined and restrained from further prosecuting or taking any additional steps or action in Civil Action No. 25033 instituted by defendant against plaintiff in the United States District Court of Ohio, Eastern Division, subsequent to the filing of the complaint in the instant case.