**AMERICAN CHEMICAL PAINT COMPANY, a corporation, Appellant,**

v.

**THOMPSON CHEMICAL CORPORATION, a corporation, Appellee.**

**No. 15189.**

United States Court of Appeals Ninth Circuit.

March 29, 1957.

Flam & Flam, Los Angeles, Cal., and Caesar & Rivise, Max R. Millman, Philadelphia, Pa., for appellant.

Wm. Douglas Sellers, Pasadena, Cal., for appellee.

Before FEE, BARNES, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Defendant in this patent infringement action obtained an order enjoining plaintiff from commencing or further prosecuting similar suits against defendant or its customers, pending the determination of this action. Plaintiff asks us to reverse this injunctive order.

Appellant, American Chemical Paint Company, instituted the instant action against appellee, Thompson Chemical Corporation, on March 21, 1955. The suit was filed in the United States District Court for the Southern District of California, Central Division. In the complaint, it is alleged that appellee has been infringing, and continues to infringe, appellant's patent No. 2,258,292. The patent covers a chemical invention designed for use in regulating the growth of plants. The alleged infringement consists in the manufacture and selling of materials embodying the patented invention. An injunction, accounting, and damages are sought. In its answer, appellee pleads a general denial, advances several defenses, and asks that the patent in question be declared invalid.

After this suit came to issue, depositions were taken which disclosed that appellee had sold the materials in question to various dealers. Appellant thereupon filed two additional infringement

suits involving the same patent. One of these, filed on February 9, 1956, in the United States District Court for the Eastern District of Washington, Southern Division (Civil No. 1079), names Yakima Farmers Supply Co. as defendant. The other, filed on March 1, 1956, in the United States District Court for the Eastern District of Washington, Northern Division (Civil No. 1359), names H. R. Spinner Company, et al., as defendants.

The named defendants in these two suits are customers of appellee. In each case, the claimed infringement consisted of the "making, using and/or selling" of a product, manufactured by appellee, which was said to be covered by appellant's patent No. 2,258,292. The issues tendered in these actions, except on the question of damages, are identical to those found in the instant case.

Appellee intervened in the two Washington suits. In each, it moved for an order staying proceedings pending disposition of the California action. On April 25, 1956, appellee also moved in the instant action for an order "staying the plaintiff and its attorneys from bringing any further actions" of this nature against appellee or its customers, pending final disposition of the California litigation. Before this motion came on for hearing, an order was entered in Civil No. 1079, staying that action. During the same period, however, the motion in Civil No. 1359 for a stay of that proceeding was considered and denied.

The motion filed herein, to temporarily enjoin the commencement of new actions, came on for hearing on May 14, 1956. Knowing at that time that a stay of proceedings in Civil No. 1359 had been denied, and claiming to be surprised by this development, counsel for appellee orally broadened the scope of his motion. He then asked that the order which he sought in the instant case not

only enjoin the commencement of new actions, but that it restrain the further prosecution of the two actions pending in Washington. The order now under review grants the full relief requested, but provides that appellant may, at any time, request permission to file any specific action.

Appellee was not required to give security. The order provides, however, that appellant may at any time present evidence of appellee's financial inability to respond in damages, in which event the court may order that security be given.

It will be observed that the order under review stays the prosecution of two actions already begun, and enjoins the commencement of new actions. Appellant contends that the findings and record afford no basis for any of this injunctive relief.

Concerning the stay of prosecution of the two pending suits, the distinguishing feature of this case is that appellee had previously applied for such a stay in the two courts where such suits are pending.

■ In Civil No. 1079, the motion for a stay had been granted. Having already received in that court the relief which it desired, appellee had no standing to seek the identical relief from the court in which the instant suit is pending. Under the circumstances, this provision of the order under review must be held to have no operative effect.

In Civil No. 1359, the motion for a stay had been denied. Having failed to obtain such relief in the court where the action was pending, appellant then sought, and received, the requested relief in this case.

■ Considerations of comity and judicial self-restraint should deter one court from thus, in effect, overruling the decision of a court of co-ordinate jurisdiction.[1] If there may be cases where

---

1. Dady v. Georgia & A. Ry. Co., C.C.E.D. Ga., 112 F. 838. See, also, Hinton v. Seaboard Air Line R. Co., 4 Cir., 170 F. 2d 892, certiorari denied, 336 U.S. 931, 69 S.Ct. 739, 93 L.Ed. 1092, and Emerson Electric Mfg. Co. v. Emerson Radio & Ph. Corp., D.C.N.J., 141 F.Supp. 645, 647.

such an overruling injunction is warranted to protect the initial court's power to act, it is sufficient to say that this is not such a case.[2] We conclude that the court erred in granting a stay in Civil No. 1359.

This leaves for consideration the provision of the order before us which enjoins the commencement of new infringement suits against appellee's customers.

■ A patent owner has a cause of action, separate and independent from that against an infringing manufacturer, to recover profits and damages and to restrain one who resells a product which he purchased from an infringing manufacturer.[3] The right to bring such an action is sanctioned by statute, and ought not to be interfered with, except for compelling reasons.

■ Under certain circumstances, however, a patent owner who has already brought an infringement suit against a manufacturer may be enjoined from commencing other infringement suits against customers of the manufacturer, pending disposition of the initial litigation. Such an injunction may be granted if, without substantial impairment of the plaintiff's rights under the patent law, it would operate to prevent needless litigation. Bechik Products, Inc., v. Flexible Products, Inc., supra, 225 F.2d page 606.

The provision of the instant order temporarily enjoining the commencement of additional suits is therefore sustainable if there are findings of fact, supported by evidence, which warrant the conclusion that the injunction will not substantially impair appellant's rights and will operate to prevent needless litigation. While there is no document in the record denominated "findings of fact," there are recitals in the order which we will accept as serving that purpose.[4]

■ A temporary injunction against the commencement of additional suits of this kind may substantially impair appellant's rights, unless appellee is financially able to respond in damages for any infringements for which appellee or its customers may be held accountable. Here, however, there is no finding as to appellee's financial responsibility, and no evidence in the record on which such a finding could be made. The provision in the order that appellant might make a future showing as to appellee's financial inability to respond in damages is not an acceptable substitute for such a finding. It is not a present determination of financial responsibility, and it places the burden of proof on the wrong party.

We therefore hold that the findings and record afford no basis for enjoining the commencement of infringement suits against customers of appellee.[5]

Reversed.

2. Since we have concluded that the prior denial of stay by the district court in Washington should not have been, in effect, overruled, we need not decide whether, in the absence of such order of denial, the district court in California should have enjoined the further prosecution of Civil No. 1359.

3. Triangle Conduit & Cable Co., Inc., v. National Electric Products Corp., 3 Cir., 138 F.2d 46, certiorari denied, 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471; Bechik Products, Inc., v. Flexible Products, Inc., 2 Cir., 225 F.2d 603.

4. As to the necessity of findings of fact in support of orders granting preliminary injunctions, see Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; Hopkins v. Wallin, 3 Cir., 179 F.2d 136;

Urbain v. Knapp Bros. Mfg. Co., 6 Cir., 217 F.2d 810, 816, certiorari denied, 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260.

5. We need not consider whether the findings and record sufficiently establish that such an injunction is necessary to prevent a multiplicity of suits. It is noted, however, that the only recital in the order bearing upon this matter is a statement that, because two suits had theretofore been filed, "there is a possibility that the plaintiff will file further actions in other jurisdictions * * *" Nor are we called upon to deal with the fact that the order omits any provision for the giving of security, as expressly required by Rule 65(c), Federal Rules of Civil Procedure, 28 U.S.C.A.