**Edward A. MARTIN, Plaintiff-Appellant,**

v.

**GRAYBAR ELECTRIC COMPANY, Inc., Defendant-Appellee.**

**No. 12503.**

United States Court of Appeals Seventh Circuit.

April 2, 1959.

Harry H. Ruskin, Chicago, Ill., Joseph Rosenbaum, Chicago, Ill., of counsel, for appellant.

James E. S. Baker, Chicago, Ill., Edward J. Ross, Stuart H. Johnson, Jr., New York City, Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Plaintiff-appellant Edward A. Martin here appeals from an order of the District Court denying his motion to enjoin the defendant-appellee Graybar Electric Company, Inc. from prosecuting its subsequently filed suit in the United States District Court for the Northern District of Iowa, Eastern Division, involving the same parties and issues.

Graybar is a New York Corporation. It was acquired by its employees from Western Electric Company, Inc. in 1928 and has been wholly owned by its active and retired employees and only such can qualify as stockholders. It is licensed to do business in Illinois and Iowa with offices in Chicago and Sioux City, respectively.

Martin was a Graybar employee for many years and acquired stock in Graybar under certain written agreements which are the subject of controversy in the two pending lawsuits. He was working in Graybar's Chicago office in June, 1953, when he left Graybar and returned to Waterloo, Iowa, where he has since resided.

Following Martin's termination of employment with Graybar, he retained his Graybar stock. Graybar, contending Martin had violated his agreement to resell, has proceeded on the basis that Martin is no longer a Graybar stockholder and has deposited the option price of Martin's stock in a Waterloo, Iowa bank as a continuing tender to Martin.

On August 5, 1958 Martin filed this action against Graybar in the United States District Court for the Northern District of Illinois, Eastern Division.

On August 11, 1958, six days after Martin had filed this action and four days after Graybar had been served with process in Chicago, Graybar filed a declaratory judgment action against Martin in the United States District Court for the Northern District of Iowa, Eastern Division.

▆ Thus two facts were self-evident and undisputed when Martin filed his motion for injunction: a) there were two actions between the same parties involving identical issues pending at the same time in two United States District Courts, and b) this action was filed first and was pending when Graybar filed its suit in Iowa.

The core question here is whether the issuance or denial of an injunction in a case such as this is mandatory or within the discretion of the District Court and,

if the latter, was there an abuse of that discretion?

The Supreme Court when speaking to the problem created by the Federal Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, and the initiation of litigation in coordinate courts by different parties has said: "Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200.

We believe that this statement is applicable to and dispositive of the first portion of the question before us. To hold otherwise, laying down a judicial fiat that the prosecution of the subsequent suit must or must not be enjoined as a matter of law, would solve few problems while at the same time creating many. We can not, nor do we attempt to, foresee the multitude of factors that would dictate the decision of the District Court in any given case.

However, it is obvious that if the decision is to be left to the discretion of the District Court rather than be the result of an unyielding rule of law, that discretion must be utilized in a wise and consistent manner. To abuse that discretion would be just as obnoxious to the most advantageous functioning of our district courts as if it had never been allowed. An abandonment of discretion is, of course, tantamount to an abuse of discretion. Both are error. Charles v. United States, 9 Cir., 1954, 215 F.2d 825, 828.

The District Court when denying the application for an injunction said:

> "*What I am asked here to do is to restrain the operation of the Court out in Iowa insofar as this* litigation is concerned. Of course, under our rules insofar as interfering with an action in the state courts is concerned we are absolutely prohibited from issuing an injunction in those matters. There can be only one recovery here, of course,

and there can only be one final judgment, and *whether that is going to be entered in this case or the case out in Iowa, the future alone will have to disclose that.* But your application for an injunction to restrain the proceedings out in Iowa will be denied." (Our italics.)

Thus we are forced to the inescapable conclusion that the Court below, reasoning from a false premise, abused its discretion.

Here the District Court expressed the belief that it would interfere with the legitimate operation of a court of concurrent jurisdiction were it to grant this injunction. Unwilling to do so it did not make a decision based upon the facts of this particular case but rather left the ultimate answer to the "future alone."

We could perhaps agree with the District Court's reluctance to encroach upon the functions of the District Court in Iowa. However such is not the case here. As Justice Cardozo, speaking for the Supreme Court in Steelman v. All Continent Corp., 1937, 301 U.S. 278, at page 291, 57 S.Ct. 705, at page 710, 81 L.Ed. 1085, said:

> "What he seeks is an injunction directed to a suitor, and not to any court, upon the ground that the suitor is misusing a jurisdiction which by hypothesis exists, and converting it by such misuse into an instrument of wrong. * * * We are unable to yield assent to the statement of the court below that 'the restraint of a proper party is legally tantamount to the restraint of the court itself.' The reality of the distinction has illustration in a host of cases."

■ Thus where the District Court denies a motion to enjoin, and such denial is motivated by an erroneous belief, there is then an abuse of discretion and the order must be vacated. See Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 1954, 212 F.2d 378, 382; 7 Cir., 220 F.2d 299.

■ Two simultaneously pending lawsuits involving identical issues and between the same parties, the parties being transposed and each prosecuting the other independently, is certainly anything but conducive to the orderly administration of justice. We believe it to be important that there be a single determination of a controversy between the same litigants and, therefore, a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter, and an injunction should issue enjoining the prosecution of the second suit to prevent the economic waste involved in duplicating litigation which would have an adverse effect on the prompt and efficient administration of justice unless unusual circumstances warrant. As none such appears in this record, we agree with what would seem to be the established general rule that the party filing later in time should be enjoined from further prosecution of his suit. Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 1939, 104 F.2d 589, 592; Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925, 929; Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 1944, 143 F.2d 1012, 1014; Independent Pneumatic Tool Co. v. Chicago Pneumatic Tool Co., 7 Cir., 1948, 167 F.2d 1002, affirming D.C., 74 F. Supp. 502; Speed Products Co. v. Tinnerman Products, 1948, 83 U.S.App.D.C. 243, 171 F.2d 727, 730.

The statement quoted in Graybar's brief from Helene Curtis Industries v. Sales Affiliates, 2 Cir., 1952, 199 F.2d 732, 733, is *obiter dictum* and is contrary to the declared rule in this circuit. In any event the Second Circuit refused to follow that rule and upheld the injunction. Certainly Graybar can find little comfort in this decision. Moreover, such cases as Helene Curtis and American Chemical Paint Co. v. Thompson Chemical Corp., 9 Cir., 1957, 244 F.2d 64,

dealing with actions wherein the parties are different, are not analogous to this case where the parties are the same in both pending actions. We know of no reason why we should not adhere to the rule of this circuit which must have been sired, at least to some extent, by the doctrine that the law abhors a multiplicity of suits.

We have carefully reviewed the entire record and find nothing here which would warrant a departure from the general rule. Graybar's thesis that two business days priority in service of the complaint in this action over service of the complaint in the second action in Iowa is negligible and wholly fortuitous is without conviction. The reasons for the general rule are "just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits." Crosley Corporation v. Westinghouse Elec. & Mfg. Co., 3 Cir., 1942, 130 F.2d 474, 475.

Using Kerotest as our guide we believe that this record discloses this to be one of those instances where a district judge has abused his discretionary authority and corrective review by a Court of Appeals becomes necessary.

The order of the District Court denying plaintiff's motion for temporary injunction is reversed and cause remanded with instructions to grant the motion and issue the temporary injunction.

DUFFY, Chief Judge (dissenting).

I agree that two simultaneously pending lawsuits in different federal courts involving identical issues between the same parties is an unfortunate situation which should be discouraged. However, I do not concede that in the case at bar the District Court abused its discretion in refusing to issue the injunction.

I think the District Court made a mistake in not issuing the injunction, but in a case relied upon by the majority opinion, Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 7 Cir., 220 F.2d 299, certiorari denied 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735, we held, 220 F.2d at page 304, that what its members " * * * or any other judge might have done in the circumstances is not the test we must apply in deciding this case. *To warrant action by us, there must be something more than an erroneous decision. * * *"* (emphasis supplied)

The majority professes to use Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 as its guide and quotes from that opinion. However, a succeeding sentence in the same paragraph of that opinion states, 342 U.S. at page 183, 72 S.Ct. at page 221: "Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."

In my judgment the issue before us is not whether the decision below was right or wrong, but whether it was so clearly erroneous as to constitute a "rare instance" of abuse of his discretionary authority by the district judge. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. I think there was no such abuse of discretion.

Plaintiff Martin has resided in Iowa for twenty-one out of the past twenty-six years, and for the past five years has resided in Waterloo, in the northern district of Iowa. The stock certificates and the voting trust certificates which are the subject of this controversy are now physically located there. Martin could have brought this suit in Iowa but, for some reason, chose the District Court located in Chicago. Practically all of the original records which bear on the issue are already on file in the District Court in Iowa. In all probability the case can be reached for trial in Iowa at an earlier date than in Chicago. I would affirm.