**MARQUEST MEDICAL PRODUCTS, INC., Plaintiff,**

v.

**Robert J. McKINNON and Norman Dreyfuss, Defendants.**

Civ. A. No. 93–F–1590.

United States District Court, D. Colorado.

Dec. 14, 1993.

Jeffrey M. Villanueva, Renee B. Taylor, Bader & Villanueva, P.C., Denver, CO, for plaintiff.

J. Nicholas McKeever, Jr., Cecil E. Morris, Gordon W. Netzorg, Netzorg & McKeever, P.C., Englewood, CO, for defendants.

## ORDER REGARDING MOTIONS

SHERMAN G. FINESILVER, Chief Judge.

This declaratory judgment and breach of fiduciary duty action, filed in July, 1993, has developed into a complex morass of motions for injunctions, stays, dismissal, and to compel arbitration. Jurisdiction is based on 28 U.S.C. § 1332. The instant matter is before the Court on the following motions: 1) Plaintiff's *Motion For Temporary Restraining Order, Preliminary And Permanent Injunction;* and Defendant Norman Dreyfuss' *Brief*

*In Opposition To Plaintiff's Motion For Temporary Restraining Order, Preliminary And Permanent Injunction;* 2) Defendant Norman Dreyfuss' *Motion To Stay Or Dismiss Plaintiff's Action;* and Plaintiff's *Brief In Opposition To Defendant Norman Dreyfuss' Motion To Stay Or Dismiss Plaintiff's Action;* 3) Defendant Robert McKinnon's *Motion For Stay Of Action Pending Arbitration And To Compel Arbitration;* and Plaintiff's *Response To Defendant McKinnon's Motion For Stay Of Action Pending Arbitration And To Compel Arbitration.* The parties waived oral argument on these motions at the Discovery/Scheduling Conference held on November 8, 1993. For the reasons set forth below, Plaintiff's motion for a permanent injunction, and Defendant McKinnon's motion for a stay pending arbitration, will be granted. Defendant Dreyfuss's motion for a stay or dismissal will be denied.

## BACKGROUND [1]

Plaintiff commenced this action in the United States District Court for the District of Colorado on July 29, 1993 against Defendants Robert McKinnon and Norman Dreyfuss. The relief requested by Plaintiff is as follows: to have the Agreements entered into on August 19, 1991 and August 1, 1992, respectively, declared void; to rescind both Agreements; for an award of damages based on payments already made to Defendants; and for damages incurred as a result of Defendants' *ultra vires* acts. On August 27, 1993, Defendant Dreyfuss filed suit in Federal District Court for the Central District of California, in a case entitled *Dreyfuss v. Marquest Medical Products, Inc.,* Civ. No. 93–528–RG (CTx), claiming breach of the Agreement referenced in Plaintiff's action in Colorado. On September 17, Plaintiff filed its *Motion For TRO, Preliminary And Permanent Injunction* in the Colorado case, asking this Court for a preliminary injunction and a permanent injunction [2] to enjoin Defendant Dreyfuss from prosecuting the action he commenced in California, and on September 20, 1993, Plaintiff filed a *Motion To Dismiss*

---

1. The facts recited herein are taken from the litigants' pleadings.

2. Although Plaintiff's motion referenced a temporary restraining order, the parties have treated this motion as one for a preliminary and/or permanent injunction.

*Or In The Alternative For Stay Of Proceedings* in the California action. On October 25, 1993, Dreyfuss filed his *Motion To Stay Or Dismiss Plaintiff's Action* in this Court.

Defendant McKinnon was the founder of Marquest Medical Products, and was its president, chief executive officer, and a director of the company until resigning from the company in 1991. Defendant Dreyfuss served as chairman of the board of the company from 1980 until 1991, and from 1991 to 1992 was "Chairman Emeritus." In August, 1991, McKinnon signed a "Consulting Agreement" with the company, the terms of which provided that he was to receive $150,000.00 a year over two years in exchange for providing consulting services to Plaintiff. In August, 1992, Defendant Dreyfuss signed an "Agreement" with Plaintiff in which the company agreed to pay him $144,000.00 over two years for past services rendered to Plaintiff.

Apparently, both Defendants were paid until September, 1992, when the company suspended payments due to cash flow problems. In April, 1993, Marquest notified Defendant McKinnon that the Board of Directors had decided to immediately discontinue any compensation payments to him. From April until July, 1993, the parties exchanged correspondence through their counsel, and Defendants' counsel indicated in a letter dated May 12, 1993, that Defendants believed Plaintiff was in breach of both agreements, and that if amounts due were not paid by May 22, 1993, Defendants would bring a legal action to recover. Then, on July 26, the parties had a meeting in Colorado, at which time Plaintiff's counsel indicated there was a possibility that when a new Board of Directors was elected in August, the issues might be presented to it for settlement. Plaintiff acknowledges advising Defendants that the question of the possibility of any payments being made would be brought before the Board, but contends that the meeting was "brief and acrimonious," that no settlement offers were made by either side, and that Plaintiff never asked that Defendants not file suit, nor did it promise not to bring an action. Plaintiff's *Brief In Opposition To Defendant Norman Dreyfuss' Motion To Stay Or Dismiss Plaintiff's Action.* A hearing was held on October 18, 1993 in the California action, on Marquest's *Motion To Dismiss Or In The Alternative For Stay Of Proceedings,* before the Honorable Richard G. Gadbois. At that time, Judge Gadbois stayed the California action for sixty (60) days, pending the outcome of Plaintiff's suit for an injunction in the Colorado action.

## ANALYSIS

The relief requested by Plaintiff calls into play the Court's equitable powers, and the Court may use its discretion in deciding whether to stay the California action. In general, a district court has discretion to issue an injunction against the prosecution of a later-filed lawsuit involving claims that would be compulsory counterclaims in the first-filed suit. *See generally* FED.R.CIV.P. 13(a); 3 MOORE'S FEDERAL PRACTICE ¶ 13.14[2] (2d ed.1985 & Supp.1993); 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1418 (1990). While a decision on such an injunction is not subject to solution by "mechanical application" of a rule, *Warshawsky & Co. v. Arcata National Corp.,* 552 F.2d 1257, 1253 (7th Cir.1977), it is evident in this case that the second-filed suit clearly fits the criteria established by Fed.R.Civ.P. 13(a). The allegations in both of the federal court actions at issue here include the contract signed by Defendant Dreyfuss upon his resignation from Marquest Medical Products. While Defendant McKinnon is not presently a party in the California litigation, the issues relating to both Defendants, and the remedies sought as to both, are the same from the perspective of the Plaintiff in the Colorado case. The general first-filed rule is appropriate in this matter. *See Martin v. Graybar Electric Co., Inc.,* 266 F.2d 202, 204 (7th Cir.1959):

> [A] party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter, and an injunction should issue enjoining the prosecution of the second suit to prevent the economic waste involved in duplicating litigation which would have an adverse effect on the prompt and efficient administration

of justice unless unusual circumstances warrant.

The Court is not persuaded by Defendant's arguments that unusual circumstances concerning these two actions should prevent the application of the rule. Defendant cites cases in which the "race to the courthouse" was "won" by a party by only a few days, or in which settlement negotiations were quite far along. *Columbia Pictures Industries, Inc. v. Schneider*, 435 F.Supp. 742 (S.D.N.Y. 1977); *Don King Productions, Inc. v. Douglas*, 735 F.Supp. 522 (S.D.N.Y.1990). The facts of this case do not fit such a pattern.

▮ Because the issuance of an injunction is not mandatory, however, the Court will undertake an examination of equitable principles in order to determine whether or not the facts counsel enjoining the second-filed action at issue. *Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620, 627 (D.C.Cir. 1975). Typically, in deciding whether or not an injunction is warranted, the court considers the following factors: the probability of success on the merits; whether the injunction will maintain the status quo; whether irreparable injury will ensue absent an injunction; whether there is an adequate remedy at law; the degree of hardship to the nonmovant; and whether the equities favor the movant. *National Association Of Psychiatric Treatment Centers v. Weinberger*, 661 F.Supp. 76, 79 (D.Colo.1986); *Royal Crown Bottling Co. v. Royal Crown Cola Co.*, 358 F.Supp. 290, 294 (D.Colo.1972). *See also Equifax Services, Inc. v. Hitz*, 905 F.2d 1355 (10th Cir.1990) (setting forth four main elements movant must establish in order to provoke the issuance of a preliminary injunction).

Plaintiff argues that if it is required to prosecute two separate actions involving the two Defendants, it will suffer irreparable damage as a result not only of the excessive costs involved in litigating what is essentially the same matter in two places, but also because doing so may subject it to inconsistent decisions. Plaintiff also contends that its action in Colorado, which involves both McKinnon and Dreyfuss, and in which the allegations against both Defendants are closely intertwined, is the most efficient manner in which to proceed. Because we have determined that Defendant McKinnon's motion to compel arbitration should be granted, *see infra*, this argument is less persuasive. However, the case as to McKinnon will only be stayed pending arbitration, and may require further action in this Court. Defendant Dreyfuss argues that Plaintiff has adequate remedies at law. Dreyfuss notes that Plaintiff filed a motion to dismiss or to stay the California proceedings, and supplemental filings by the parties show that the California action has in fact been temporarily stayed. However, that stay lasts only for sixty days,[3] and, as noted by Dreyfuss, once that stay is over, unless an injunction is issued, the California proceedings are expected to go forward apace. Thus, Dreyfuss' argument that a legal remedy in the California proceedings would solve Plaintiff's problem, and that Plaintiff's motion is premature, is weak.

The actions complained of took place in Colorado, the corporation is located in Colorado, and many witnesses would be in Colorado. The resulting burden on Plaintiff of not issuing an injunction would outweigh the injury to Defendant if one is granted. The balance of convenience clearly tips in favor of the first-filed action in this case. Plaintiff's action, in addition to being one for a declaratory judgment regarding the contracts entered into with Defendants, also seeks damages based on actions which took place prior to the execution of the agreements. The Court is persuaded, therefore, that Plaintiff does not seek to use a declaratory judgment action solely as "procedural fencing either to secure delay or to choose a forum." *American Automobile Insurance Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir.1939). Additionally, the pending California case would not necessarily settle the issues in the present

---

**3.** The Court notes that the next hearing in the California case is scheduled for January 10, 1994, after having been reset from December 13, 1993. Transcript of Hearing on Defendant's Motion To Dismiss Or In The Alternative For Stay Of Proceedings, No. 93–5208–RG, October 18, 1993, attached as Exhibit 1 to Defendant Dreyfuss' *Supplement In Opposition To Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction; Notice Of Action Taken In Related Case*, filed December 13, 1993 by Plaintiff.

action, as this case involves issues that go beyond the signing of the "golden parachute" agreements. The public interest will thus be served by the avoidance of duplicative and piecemeal litigation. *See Martin,* 266 F.2d at 204. Granting the requested injunctive relief will preserve the status quo *in this case,* and the equities favor Plaintiff's first-filed action going forward without the need to defend a second, intimately related suit in California. For the reasons stated above, Plaintiff's motion for a permanent injunction is granted, and Defendant Dreyfuss' motion for a stay or dismissal of Plaintiff's action is denied.

■ As for Defendant McKinnon's *Motion For Stay Of Action Pending Arbitration And To Compel Arbitration* filed October 27, 1993, the Court is persuaded that the issues arising in Plaintiff's suit are subject to the arbitration clause contained in the Consulting Agreement between McKinnon and Marquest, attached as Exhibit 1 to Defendant McKinnon's motion. Plaintiff contends that the dispute does not center on an "interpretation" of the Agreement; that the intertwining doctrine bars arbitration where some arbitrable claims are converted to nonarbitrable claims; and that certain of its defenses to the Agreement, such as fraud in the inducement and lack of consideration, preclude arbitration.

It is clear that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration". *McGuire, Cornwell & Blakey v. Grider,* 765 F.Supp. 1048, 1050 (D.Colo.1991) (*quoting Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)). In addition, the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.,* and the Colorado Uniform Arbitration Act, § 13–22–204, C.R.S., evidence a strong policy favoring arbitration. Plaintiff acknowledges that the United States Supreme Court has rejected the intertwining doctrine. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The Supreme Court has held "that allegations that go to the validity of the contract in general, as opposed to the arbitration clause in particular, are to be decided by the arbitrator, not the Court". *Prima Paint Corp. v.*

*Flood & Conklin Mfg. Co.,* 388 U.S. 395, 409, 87 S.Ct. 1801, 1808, 18 L.Ed.2d 1270 (1967). Clearly, Plaintiff's claims involve the contract as a whole, rather than "the 'making' of the agreement to arbitrate". *Id.,* at 404, 87 S.Ct. at 1806. Defendant McKinnon's motion will thus be granted.

Accordingly, it is ORDERED:

1) Plaintiff's *Motion For Temporary Restraining Order, Preliminary And Permanent Injunction* is GRANTED as to the request for a permanent injunction;

2) A permanent injunction shall issue upon the posting of a $10,000 bond by Plaintiff;

3) Defendant Norman Dreyfuss is enjoined from proceeding further in prosecuting the action pending in the Central District of California entitled *Dreyfuss v. Marquest Medical Products, Inc.,* Civ. No. 93–5208–RG (CTx), or from otherwise pursuing duplicitous actions relating to the transaction or occurrences underlying the instant suit;

4) Defendant Norman Dreyfuss' *Motion To Stay Or Dismiss Plaintiff's Action* is DENIED;

5) Defendant Robert McKinnon's *Motion For Stay Of Action Pending Arbitration And To Compel Arbitration* is GRANTED, and the instant action shall be stayed as to McKinnon pending arbitration. The parties shall file proposed orders within twenty days of this order implementing the Court's decision relating to arbitration; and

6) The Court hereby REAFFIRMS all previously scheduled dates in this matter.