## NATIONAL NUT CO. OF CALIFORNIA v. SUSU NUT CO.

## SAME v. KELLING NUT CO. et al.

### Nos. 15637, 43C423.

District Court, N. D. Illinois, E. D.

Jan. 25, 1945.

John J. McLaughlin, of Chicago, Ill., and Charles S. Evans and Hugh N. Orr, both of San Francisco, Cal., for plaintiff.

Arthur D. Welton, Jr., Winston, Strawn & Shaw, James C. Leaton and West, Leaton & West, all of Chicago, Ill., for defendants.

LA BUY, District Judge.

The plaintiff in the two causes above entitled has made the following motions:

(a) That the above two causes be consolidated; that all of the parties defendant in the two cases be made parties defendant in the consolidated action; that the Bill of Complaint filed in Civil Action 43 C 423 stand as an amended and supplemental complaint in Equity Case No. 15,637 without prejudice to the rights or obligations of any party with respect to any issue heretofore pleaded or joined or any ruling of the court heretofore made with respect thereto.

(b) For an answer directing the defendants and each of them within ten days to file an answer or otherwise plead to the amended and supplemental bill of complaint herein.

*The motion to consolidate the causes.*

■ Under Rule 42(a) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, causes may be consolidated where the causes sought to be consolidated involve a common question of law or fact. The court has examined the Amended and Supplemental Bill of Complaint filed in Equity No. 15,637 and the Bill of Complaint filed in Civil Action No. 43 C 423, and from such examination concludes that the cause of action set up in the Amended and Supplemental Complaint filed in Equity No. 15,637, and the first cause of action set up in Civil Action No. 43 C 423 have common questions of law and fact. They both refer to a claimed infringement of United States Letters Patent No. 1,958,-405, and Reissue No. 20,024.

In the court's opinion these questions which are common to both suits can best be settled in a consolidated cause. It is true that the issue of anti-trust law violation is not set up in Equity Cause No. 15,637 nor is the issue of unfair competition raised in Equity Cause No. 15,637. The trial of these issues in cause No. 43 C 423 will not cause any prejudice to the defendant in Equity Cause No. 15,637 as it is also a defendant in Cause No. 43 C 423. A decision of the validity or non-validity of the patents involved herein, and a decision of whether any of the defendants in Civil Cause No. 43 C 423 have infringed said patents if they are held valid, will determine those issues in both cases. It is not necessary to have two suits pending involving the same question, and the convenience of this court as well as that of the litigants can be best subserved by a consolidation of these two causes.

The motion for a consolidation will be allowed.

*The motion of plaintiff that all of the parties defendant in the two cases be made parties defendant in the consolidated action.*

In the case of Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496, 497, 53 S.Ct. 721, 727, 77 L.Ed. 1331, two equity causes were consolidated and in construing the effect of the consolidation, the court said: "Under the statute, 28 U.S.C. § 734, (28 U.S.C.A. § 734), consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."

In the case of Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 6 Cir., 95 F. 497, a creditors suit and a foreclosure suit were consolidated. In passing on the effect of the consolidation, the court said on page 506: "Such consolidation is primarily but an expedient adopted for saving costs and delay. Each record is that of an independent suit, except in so far as the evidence in one is, by order of the court, treated as evidence in both. The consolidation does not change the rules of equity pleading, nor the rights of the parties, as those rights must still turn on the pleadings, proofs, and proceedings in their respective suits. The parties in one suit do not thereby become parties in the other, and a decree in one is not a decree in the other, unless so directed. It operates as a mere carrying on together of two separate suits supposed to involve identical issues, and is intended to expedite the hearing and diminish the expense."

In the case of Taylor v. Logan Trust Co., 8 Cir., 289 F. 51, the court said (page 53): "It is true that Taylor was a party to the suit brought on behalf of creditors, and that this creditors' suit and the foreclosure suit had been consolidated; but such consolidation did not make the parties to one suit parties to the other."

In the case of Nolte v. Hudson Nav. Co., 2 Cir., 11 F.2d 680, two mortgage foreclosure suits and a creditors bill were consolidated. In passing on the effect of the consolidation, the court said (page 682): "The consolidation of the causes was merely procedural and affected no substantial interest."

In the case of Ex Parte Green, 221 Ala. 415, 129 So. 69, in discussing the effect of a consolidation of equity causes, the court quotes with approval from 1 Corpus Juris 1121, 1 C.J.S. Actions, § 107, p. 1341, from which they quote on page 418 of 221 Ala., on page 71 of 129 So., as follows:

"The cases preserve their separate identity, and are to be determined exactly as if they were heard separately. The consolidation does not make the parties in one suit parties to the other, or change the issues in the respective cases, or alter the rights of the parties, which must still turn upon the pleadings, proof and proceedings in the respective cases. * * *

" 'A consolidation in equity does not change the rules of equity pleading, or make the pleadings in one suit a part of the pleadings in the other. Each case must still be determined upon its own pleadings, and the consolidation does not render admissions of the pleadings ineffectual as applied to the particular cases in which they were made.' 1 Corpus Juris, 1137. * * *

"The consolidation therefore does not destroy the identity of the two suits."

In the case of First Nat. Bank v. McGraw, 85 W.Va. 298, 101 S.E. 474, 478, two creditors' bills were consolidated, and the effect of such consolidation was discussed by the court: "It was made a party in its own right, as a judgment creditor, but not as trustee, unless consolidation with these three suits, of another instituted by Margaret C. Hamrick against John T. McGraw, for enforcement of a vendor's lien, in which it was a party as trustee, may be deemed to have made it a party, as such, to these causes. It is urged that it did not because the Hamrick suit was afterwards partially or wholly severed from the others. Since the consolidation did not have the effect claimed, the character of the severance is immaterial. Consolidation does not change the rules of equity pleading, nor the rights of the parties, which must still turn on the pleadings, proofs, and proceedings in their respective suits. The parties in one suit do not become parties in the other, by consolidation, and a decree in one is not a decree in the other unless so directed."

In the case of Bouldin v. Taylor, 152 Tenn. 97, 275 S.W. 340, 349, the court said:

"Suppose the chancellor does make an order 'consolidating' the several equity suits,—What does he accomplish?

"Does this make the pleadings and depositions in Suit No. 1 a part of suit No. 2?

"It is perfectly well settled in this state that the order has no such effect. The

rights of the litigants 'must still turn on the pleadings, proof, and proceedings of their respective suits.' Knight v. Ogden, supra [3 Tenn. Ch. 409]; Ogburn v. Dunlap, 1882, 9 Lea, 162, 165, 166; Hatcher v. Royster, 1884, 14 Lea, ·222, 228; Brevard v. Summar, 1870, 2 Heisk. 97, 105, 106; Lofland v. Coward, 1873, 12 Heisk. 546, 547, 548; Mowry v. Davenport, 1880, 6 Lea, 80, 91; Masson v. Anderson, 1873, 3 Baxt. 290, 298, 299.

"The rule announced in these cases seems to be generally accepted. 4 Ency. Pleading & Pr. 691; 8 Cyc. 608; Fletcher, Eq. Pl. § 455; 1 Ruling Case Law, 361; 1 Corpus Juris, p. 1137 [1 C.J.S. Actions, § 113, p. 1377]; Holmes & Co. v. U. S. Fire Ins. Co., C.C., 1906, 142 F. 863, 866; Toledo, etc., R. Co. v. Continental Trust Co., 6 Cir., 1899, 95 F. 497, 506, 36 C.C.A. 155; and see Handley v. Sprinkle, 1904, 31 Mont. 57, 77 P. 296, 3 Ann.Cas. 531, 532, and reporter's note at page 535."

In the case of East Lake Lumber Box Co. v. Simpson, 5 Tenn.App. 51, two separate suits were filed by mechanics' lien claimants. The statute provided that the contractor and owner should be made parties to the suit to enforce mechanics' lien suit. One of the suits made the owner and contractor a party and the lumber company did not make the contractors parties. These suits were consolidated and in passing on the effect of the consolidation the court said on page 56: "It may be insisted that these causes were consolidated and all parties, including the contractors, were before the court, and that a consent decree was rendered in favor of the Lumber Company against the contractors, from which they did not appeal, and thereby the furnishers' debt was established; but upon an examination of the record, it will be seen that the situation cannot help the Lumber· Company. The contractors were not made defendants to the Lumber Company's bill. There is no order of record consolidating the cases, hence, at most, they were merely tried together for convenience. The decree should show the consolidation and the hearing of the causes together (Ogburn v. Dunlap, 9 Lea, 162); but had the causes been properly consolidated, that would not help the Lumber Company, as consolidation does not change the rules of pleading, nor the rights of the parties. These rights still depend upon the pleadings, proof and proceedings in the respective causes, the same as if no consolidation had been had."

In the case of Herren v. Beck, 231 Ala. 328, 164 So. 904, 905, the court said: "The order of consolidation in equity did not have the effect of causing the two suits to become one, and thereby to destroy their identity as at law."

In the case of Willcox v. Goess, D.C., 16 F.Supp. 350, 384, the court said: "An order of consolidation in equity does not merge or fuse the causes thereby consolidated, but is merely an expedient which promotes convenience and economy in judicial administration because it enables a single trial of several causes involving the same issues or overlapping issues to be had."

Under the above authorities an order of consolidation does not have the effect of making the parties to one suit parties in another suit, and the court has no power to so order. The causes although consolidated preserve their separate identity and the pleadings in one case cannot be made the pleadings in the other. The rights of the parties will be determined upon the pleadings, proofs and proceedings in each case. The consolidation is made for the purpose of allowing the proofs in one cause to stand as the proofs in the other with reference to the questions of fact which are commonly involved, and for the further purpose that any common question of law in the two cases may be decisive in one decision of the court. By this motion plaintiffs are in effect seeking a merger of the two causes and not a consolidation.

The motion that the parties defendant in the two cases be made parties defendant in the consolidated action is denied.

*The motion of plaintiff that the Bill of Complaint filed in Civil Action 48 C 428 stand as an Amended and Supplemental Complaint in Equity in Equity Case No. 15,637, without prejudice to the rights or obligations of any party with respect to any issue heretofore pleaded or joined or any ruling of the court heretofore made with respect thereto.*

If this motion were granted, it would in effect work a merger of the two causes as there would only be one Amended and Supplemental Complaint pending before the court. Such an order would not be an order of consolidation in its true sense, as Case No. 15,637 would in effect be superseded and there would be only one pleading:

to be considered by the court. Such action would prejudice the rights of the defendants with respect to action taken in the two suits, and the question of costs would be seriously complicated by such action. Also, the Bill of Complaint filed in Civil Action No. 43 C 423 could not stand as a pleading in cause No. 15,637 because the only defendant in that cause is the Susu Nut Company and the defendants in cause No. 43 C 423 cannot be made defendants in the other cause as above passed on by this court.

(b) *The motion of plaintiff for a rule on the defendants to answer the Amended and Supplemental Complaint which plaintiff has moved the court for leave to file in cause No. 15,637.*

Since the court is denying leave to plaintiff to file the complaint in cause No. 43 C 423 as an Amended and Supplemental Complaint in cause No. 15,637, it follows that no rule as requested by the plaintiff can be entered. The motion for the entry of such a rule will, therefore, be denied.

An order may be prepared that the two causes be tried together; that the evidence taken in one cause shall be considered as taken in both causes; that one decree be entered herein; that the question of costs in both causes will be reserved for future consideration by the court; and that the other motions be denied as above indicated.