**JOURNAPAK CORPORATION,**
**Plaintiff,**

**v.**

**Stanley G. BAIR et al., Defendants.**

**JOURNAPAK CORPORATION,**
**Plaintiff,**

**v.**

**James M. GOFF, Defendant.**

United States District Court
S. D. New York.
March 10, 1961.

Brinsmade & Schafrann, New York City, Milbank, Tweed, Hope & Hadley, New York City, of counsel, for plaintiff.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, for defendant Goff.

DAWSON, District Judge.

This is a motion for an order (a) consolidating the above-named actions, (b) granting leave to plaintiff to serve proposed amended complaint and (c) staying the taking of a deposition noticed by defendant Goff until the depositions noticed by plaintiff have been completed.

The first of these actions (hereinafter called the "Bair action") was commenced on November 28, 1960. The complaint in this action alleges a cause of action under the antitrust laws. The second action (hereinafter called the "Goff action") was started on December 15, 1960, in the Supreme Court of the State of New York and thereafter removed by the defendant to this court. This action does not allege a breach of the antitrust laws but alleges damages arising from a conspiracy to divert business from the plaintiff to competing companies controlled by defendant Bair.

■ Plaintiff now seeks to consolidate these two actions and to merge the actions into one under a new complaint.

Rule 42(a) of the Rules of Civil Procedure, 28 U.S.C.A., provides:

"(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

As the United States Supreme Court indicated in Johnson v. Manhattan Railway Co., 1933, 289 U.S. 479, 53 S.Ct. 721, 727, 77 L.Ed. 1331, this rule (or the statute which preceded it, which the Supreme Court was considering) provides for consolidation "as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."

■ An examination of the complaints in these two actions would indicate that the claims against the defendants in the one action are entirely different from those against the defendant in the other action. While certain facts are common to both actions, the actions themselves are essentially different. The moving party has not shown that consolidation would result in convenience or economy in administration.

These cases have newly been instituted. There have been no pretrial procedures, apparently. In the Bair action, Bair and Unity Railway Supply Company have moved to set aside the purported service of process on them and pursuant to stipulation that motion was adjourned, to be restored upon completion of depositions limited to the question of jurisdiction. It may be that after the jurisdictional issues are decided, pretrial discovery proceedings have been completed and pretrial conferences held that sufficient community of facts will be found to warrant consolidating these actions for trial. At the present time the Court sees no basis for consolidating an antitrust action with the Goff action.

■ Nor should the plaintiff, after bringing two suits on two separate complaints, be allowed, under the guise of consolidation, to scrap those complaints and serve a new complaint. It is doubtful whether this Court is invested with power to order a consolidated complaint. National Nut Co. of Cal. v. Susu Nut Co., D.C.N.D.Ill.1945, 61 F.Supp. 86.

> "The causes although consolidated preserve their separate identity and the pleadings in one case cannot be made the pleadings in the other. The rights of the parties will be determined upon the pleadings, proofs and proceedings in each case * * *." Id. at page 88.

See MacAlister v. Guterma, 2 Cir., 1958, 263 F.2d 65.

> "But while the district courts are invested with power to consolidate actions for all purposes * * * they have no such authority to order a consolidated complaint as requested by appellant." Id. at page 69.

The proposed amended complaint attached to the motion papers shows that the charge which plaintiff seeks to litigate in this court against all the defendants is not the alleged antitrust violations but rather the tort claims pleaded in the Goff action—which were not the claims pleaded in the antitrust allegations.

■ Defendant Goff is not a party to the Bair action. Plaintiff seeks to deprive Goff of his right to proceed with the depositions which he has noticed. No good cause for such deprivation of Goff's rights is given.

The motion is denied in its entirety. So ordered.