**SOLEX LABORATORIES, INC., and Plastic Contact Lens Company, an Illinois corporation, Plaintiffs and Counterdefendants,**

v.

**George H. BUTTERFIELD, Sr., and Geo. H. Butterfield & Son, a corporation, Defendants and Counterclaimants.**

Civ. No. 60–107.

United States District Court
D. Oregon.

Sept. 7, 1961.

Koerner, Young, McColloch & Dezendorf, James C. Dezendorf, Portland, Or., Bair, Freeman & Molinare, W. M. Van Sciver, Chicago, Ill., for plaintiffs.

Pendergrass, Spackman, Bullivant & Wright, R. R. Bullivant and Patrick Ford, Portland, Or., Mason & Graham, Collins Mason, William Graham, Los Angeles, Cal., for defendants.

KILKENNY, District Judge.

Plaintiffs charge that defendant George H. Butterfield, Sr., has infringed on what is commonly known as the Touhy Patent, dealing with contact lenses for the human eye. The cause is before the Court on said defendants' motion for a temporary injunction restraining plaintiffs from instituting actions in other jurisdictions against licensees of the defendants, in which said licensees are charged with infringement of said patent, and enjoining plaintiffs from notifying members of the trade that corneal contact lenses constructed in acccordance with defendants' patent infringe on the patent owned by plaintiffs. In support of the motion the defendants have produced evidence that subsequent to the filing of this cause the plaintiffs commenced two additional actions, one in Virginia and one in Texas, against certain licensees of the defendants, charging infringement of the Touhy Patent. At the hearing the defendants produced substantial evidence of the mailing by plaintiffs to members of the ocular trade of a series of threatening letters and circulars which in effect notified said members that the corneal contact lenses constructed in accordance with defendants' patent infringed on the Touhy Patent. The motion of defendants presents three principal questions:

(1) Should plaintiffs be restrained from circularizing writing, advertising, or in any manner threatening or harassing the members of the ocular trade, or stating or implying to the trade or public that all contact lenses of the corneal variety are an infringement on the Touhy Patent, or

(2) Should plaintiffs be restrained from prosecuting pending actions against licensees of defendants, or

(3) Should plaintiffs be enjoined from prosecuting future actions against licensees of defendants.

1. Solex was the original party plaintiff in this cause. During the early stages of the proceeding it developed that Plastic had purchased all rights of Solex in the Touhy Patent and was joined as a party plaintiff. This transfer is noteworthy when we recognize that the plaintiffs were recently involved in litigation against each other presenting problems which were practically identical with those here presented. Solex Laboratories, Inc. v. Plastic Contact Lens Co., 7 Cir., 1959, 268 F.2d 637. Also of importance is the fact that Plastic was and is a licensee under the Butterfield patent and has been such a licensee for many years. While the material which was circulated in the Solex Laboratories, Inc. v. Plastic Contact Lens Co. case was more all-inclusive than the literature used by plaintiffs in this case, it remains as a fact that plaintiffs continued to carry on activities in circularizing the trade quite similar to those condemned by the Court, at the request of Plastic, in Solex Laboratories, Inc. v. Plastic Contact Lens Co., supra. It seems quite clear that the parties should not be permitted to conduct such activities and possibly impair or destroy rights, the exercise of which is the major point in controversy in this litigation. Defendants are entitled to prevail on the first point of the motion.

2. The second point raises the question of whether the Court should exercise its discretion and enjoin the plaintiffs from further proceeding with the pending actions against licensees of the

defendants. Plaintiffs argue that a final judgment in the pending proceedings will have little, if any, effect on those cases now pending before the District Courts of Virginia and Texas. They assert that they have independent causes of action against infringing third parties and that nothing will be accomplished by enjoining these actions. They point to the fact that the parties to the other actions are not the same, nor are they in privity so as to form a basis for the application of the rule of res judicata. On the other hand, defendants urge that the same parties are involved and that privity can be traced through the indemnity agreement with the one defendant licensee and the license agreement with the other.

Shortly after the adoption of the F.R. C.P., the Third Circuit in Crosley Corporation v. Hazeltine Corporation, 1941, 122 F.2d 925, cert. den. 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211, adopted a rule which seemed to be both rigid and absolute to the effect that the Court first obtaining jurisdiction over an issue and the parties should enjoin, during the pendency of that action, subsequent litigation in other jurisdictions. The decision in Crosley was deflated, if not completely rejected, in Kerotest Mfg. Co. v. C-O-Two-Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200, in which the Supreme Court held that wise judicial administration required that the issuance of a restraining order, under such circumstances, should be lodged in the sound discretion of the trial court.

A number of cases, including Joseph Bancroft & Sons Co. v. Spunize Co. of America, 2 Cir., 1959, 268 F.2d 522; Minnesota Mining & Mfg. Co. v. Polychrome Corp., 7 Cir., 1959, 267 F.2d 772, recognized the discretionary rule as announced in Kerotest, but continued to apply the strict, rigid and mechanical approach, i. e., same issues and same parties, which was used in Crosley. In my opinion, a hard and fast application of the doctrine of the same parties and same issues test entirely overlooks the possible application of the doctrine of a collateral estoppel hereafter mentioned. On

the question of "privity," it would seem that the indemnity agreement would supply the link. Weyerhaeuser Timber Co. v. Bostitch, Inc., D.C.R.I.1959, 178 F. Supp. 757. While this case involves a motion for a stay, rather than for an injunction which would interfere with the rights of a Court of equal dignity in another Circuit, the principle announced would seem to be valid when applied to the injunction proceedings. Bechik Products v. Flexible Products, 2 Cir., 1955, 225 F.2d 603, 607. To apply the doctrine of res judicata, it is necessary that the subsequent determination involve the same parties or their privies. In Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065, it was held that a manufacturer, if he prevailed in an infringement suit brought against him by the patentee, could prevent the impairment of his rights under the judgment by enjoining the patentee from prosecuting suits against his customer. The scope of the decision in Kessler was enlarged in General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, Inc., 4 Cir., 1939, 101 F.2d 178, to permit customers of the manufacturer to assert a defense of collateral estoppel based on a previous judgment in the manufacturer's favor. General Chemical recognized that a customer was not estopped to relitigate the issues decided in favor of the patentee against the manufacturer, but concluded that the patentee should be prevented from again raising the issue on the ground that he already had his day in Court. It is significant that General Chemical would, in the event the Touhy Patent was declared invalid in this proceeding, prevent plaintiffs from again litigating this question with the licensees in Texas or Virginia, and this is true even though the licensees are not parties in the present litigation. Bechik Products v. Flexible Products, supra, is in full support of General Chemical. In Bechik the Court held that a decree on the merits holding invalid a patent such as plaintiffs' claim in this case, would be binding on plaintiffs in subsequent actions against persons such as the licensee defendants in Texas and Virginia. Plain-

tiffs call attention to the fact that the validity of the Touhy Patent has been upheld in two cases, Pacific Contact Laboratories, Inc. v. Solex Laboratories, Inc., 9 Cir., 1953, 209 F.2d 529, and Solex Laboratories, Inc. v. Graham, D.C. S.D.Cal.1958, 165 F.Supp. 428. In the light of these cases and under ordinary circumstances, I would be inclined to say there was little probability of the Court finding the Touhy Patent invalid and declare that those decisions, while not conclusive, were entitled to great weight. Georgia-Pacific Corporation v. U. S. Plywood Corporation, 2 Cir., 1958, 258 F.2d 124, cert. den. 358 U.S. 884, 79 S.Ct. 124, 3 L.Ed.2d 112; Cold Metal Process Co. v. Republic Steel Corporation, 6 Cir., 1956, 233 F.2d 828, cert. den. 352 U.S. 891, 77 S.Ct. 128, 1 L.Ed.2d 86, reh. den. 352 U.S. 955, 77 S.Ct. 323, 1 L.Ed.2d 245. However, in none of those cases did the owner of the patent adopt an entirely inconsistent position such as Plastic has here adopted. Solex Laboratories, Inc. v. Plastic Contact Lens Co., supra. I have arrived at no conclusion as to the weight, if any, to be given to the actions of Plastic, nor the weight to be given to the decisions upholding the Touhy Patent, under the peculiar facts and circumstances of this case. However, I have concluded that in the exercise of a sound legal discretion, I should allow defendants' motion. I feel that this motion can be granted without substantial impairment of plaintiffs' rights under the patent law and that such an injunction would probably prevent needless litigation. American Chemical Paint Co. v. Thompson Chemical Corp., 9 Cir., 1957, 244 F.2d 64.

3. The third point raises essentially the same questions of law as raised by point No. 2. Further discussion is not required. Irreparable injury may result to defendants.

This opinion shall stand as my findings. An appropriate decree patterned after the suggestions in Solex Laboratories, Inc. v. Plastic Contact Lens Co., supra, may be prepared, served and presented by counsel for defendants. I fix the amount of defendants' bond at $15,000.-00.