Warren D. WILBUR and Richard N.
Tone, Plaintiffs,

v.

SUPERIOR CONCRETE ACCESSORIES,
a corporation, Defendant.

No. 40306.

United States District Court
N. D. California, S. D.

May 1, 1963.

Warren & Cypher, Oakland, Cal., and
Townsend & Townsend, by Anthony B.

Diepenbrock, San Francisco, Cal., for plaintiffs.

Gordon Wood, San Francisco, Cal., Norman H. Gerlach, Chicago, Ill., for defendant.

SWEIGERT, District Judge.

Plaintiffs, owners of certain Letters Patent on a pilaster-form and clamp, commenced this Civil Action, No. 40306, praying damages and injunction against defendant Superior Concrete Accessories (hereinafter called Superior) for making and selling certain pilaster-form clamps which, plaintiffs allege, constitutes a contributory infringement and an inducement of infringement of plaintiffs' patent within the meaning of 35 U.S.C. § 271(b) and (c).

Defendant Superior in its answer denied the material allegations of the complaint, asserting the invalidity of plaintiffs' patent, and counterclaimed for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Plaintiffs subsequently commenced Civil Action No. 41169 against certain named defendants, customers of defendant Superior, alleging that those defendants infringe plaintiffs' patent by making and using pilaster forms, utilizing as a material part thereof the pilaster-form clamps purchased or leased from defendant Superior. Defendant Superior has appeared in this second suit and has agreed to defend it.

There are two motions presently before the Court in Civil Action No. 40306, i. e., plaintiffs' suit against defendant Superior:

(1) Defendant Superior moves to enjoin plaintiffs from bringing any further suits against any of its customers and from prosecuting the pending Civil Action No. 41169 against its customers named therein, or, in the alternative, for a stay of the latter suit;

(2) Plaintiffs move to consolidate Civil Action No. 41169 with this Civil Action, No. 40306.

**THE MOTION TO ENJOIN**

■ The controlling standard for determining whether to enjoin pending and future suits by a patentee against the customers of an alleged infringer, or contributory infringer, is whether or not an exercise of the Court's discretion to enjoin would operate to prevent needless litigation without substantial impairment of the patentee's rights under the patent law. Bechik Products v. Flexible Products, 225 F.2d 603 (2d Cir. 1955); American Chemical Paint Corp. v. Thompson Chemical Corp., 244 F.2d 64 (9th Cir. 1957); Solex Laboratories Inc. v. Butterfield, 202 F.Supp. 461 (D.Or.1961).

In the Bechik Products case, Bechik sued Flexible for infringement and, in the same action, sued Flexible's customer Crown for contributory infringement. Flexible, denying infringement, obtained a temporary injunction against Bechik's bringing additional suits against other customers of Flexible. On appeal, the Court affirmed such an injunction upon the condition that Flexible furnish a bond conditioned upon its payment to the plaintiff of any pecuniary award which plaintiff might obtain in the litigation.

The American Chemical and Solex Laboratories cases, supra, followed the Bechik Products case in principle. In American Chemical, however, the court of appeals reversed the district court's order enjoining additional infringement suits against defendant's customers upon the ground that no findings of defendant's financial responsibility had been made, pointing out that the patentee's rights would be substantially impaired if the defendant would be financially unable to respond for the full damages awarded.

■ In the present case, an uncontroverted affidavit of Jenkins establishes that defendant Superior is financially able to discharge the full possible liability to plaintiffs. The fact that defendant Superior is charged with contributory infringement, as distinguished from direct infringement, is immaterial. Infringement of a patent is a tort and both con-

tributary and direct infringers are liable as tort-feasors for the infringement. Lincoln Engineering Co. v. Stewart-Warner Co., 91 F.2d 757 (7th Cir. 1937); Bechik Products, supra.

We conclude, therefore, under the rationale of the Bechik Products case that defendant's motion for an order enjoining plaintiffs from bringing further suits against defendant's customers for patent infringement should be granted.

Defendant Superior also seeks to enjoin plaintiffs' pending Civil Action No. 41169, brought against certain named customers of defendant. Plaintiffs, on the other hand, have moved the Court for an order consolidating the two suits.

There are questions of law and fact which are common to both suits. In order to prevail on their cause of action for contributory infringement against defendant Superior in the first suit, plaintiffs must first establish an infringement of a valid patent [Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 81 S.Ct. 599, 5 L.Ed.2d 592 (1960)], the very issue plaintiffs seek to establish in the second suit for infringement against certain customers of defendant.

Thus, in each of the two cases infringement must be proved by plaintiffs. If plaintiffs are enjoined from proceeding with their second suit, No. 41169, plaintiffs would be deprived of the benefits of res judicata against the named customer defendants in the event plaintiffs prevailed on the infringement issue. Plaintiffs, in such event, would be put to proof again in any eventual prosecution of the second suit.

For this reason and for the further reason that defendant Superior has assumed the defense of the action against its customers, the Court in its discretion denies defendant's motion to enjoin plaintiffs from prosecuting pending Civil Action No. 41169, and denies defendant's motion to stay that action.

## PLAINTIFFS' MOTION TO CONSOLIDATE

Under Federal Rules of Civil Procedure 42(a): "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

We have already noted that issues of law and fact are common to both actions. Further, the defendants in the second suit are purchasers of pilaster-form clamps from defendant Superior for use in the patented combination, which constitutes the alleged infringement. Thus, there are transactions and occurrences common to both actions.

In comparable situations consolidation has been ordered. See National Nut Co. v. Susu Nut Co., 61 F.Supp. 86 (E.D.Ill.1945); Western States Mach. Co. v. S.S. Hepworth Co., 37 F.Supp. 377 (E.D.N.Y.1941); Boots Aircraft Nut Corp. v. Kaynar Mfg. Co., 188 F.Supp. 126 (E.D.N.Y.1960). Therefore, plaintiffs' motion for consolidation is granted.

However, plaintiffs' proposed "combined complaint" is inappropriate and may result in needless confusion. Consolidation under Rule 42(a) does not automatically merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties to the other. Johnson v. Manhatten Ry. Co., 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); Journapak Corp. v. Bair, 27 F.R.D. 509 (S.D.N.Y.1960).

Accordingly, it is ordered that:

(1) The motion of defendant Superior to enjoin the plaintiffs from bringing any further suits against customers of defendant Superior for patent infringement of the patent at issue in this action is granted;

(2) The motion of defendant Superior to enjoin plaintiffs from prosecuting

pending Civil Action No. 41169 against certain named defendants, customers of defendant Superior, and defendant Superior's alternate motion to stay Civil Action No. 41169 is denied;

(3) Plaintiffs' motion to consolidate Civil Action No. 41169 with the case at bar for pretrial and trial is granted.

So ordered.