In re EMBASSY INDUSTRIES, INC.

v.

FEDERAL BOILER CO., Inc.

Civ. A. No. 796–63.

United States District Court
D. New Jersey.

Feb. 3, 1964.

O'Mara, Schumann, Davis & Lynch, Jersey City, N. J., for plaintiff.

Richards & Cifelli, Newark, N. J., for defendant.

COOLAHAN, District Judge.

Plaintiff instituted an action against defendant for patent infringement and unfair competition. The plaintiff is a manufacturer and patentee of a certain baseboard radiation heating system known as Panel-Track.

In addition to the present suit the plaintiff has instituted four other actions against the distributors of the defendant's product based upon this alleged patent infringement. In each of these the defendant has assumed their defense and agreed to indemnify the defendants therein for any losses which might be sustained.

Defendant brings two motions here to obtain a temporary injunction

barring the plaintiff from proceeding with further litigation against its distributors and from maliciously publishing warnings and threats to defendant's wholesalers and customers.

This Court has had the benefit of briefs and oral argument in the matter. The state of the law involved reflects that decision on such points rests mainly within the discretion of the trial Court. In Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952) the Supreme Court held that ample discretion must be awarded the trial Judge in dealing with a problem of enjoining numerous suits involving the same subject matter in any jurisdiction. While that case dealt primarily with a suit instituted under the Federal Declaratory Judgments Act it encompassed many principles applicable to the instant litigation. The matter has been given much consideration by the Courts since that decision. See Ostow & Jacobs, Inc., v. Morgan-Jones, Inc., 181 F.Supp. 208 (S.D.N.Y. 1960); American Chemical Paint Co. v. Thompson Chemical Corp., 244 F.2d 64 (9th Cir. 1957); and Solex Laboratories, Inc. v. Butterfield, 202 F.Supp. 461 (D. Ore. 1961).

■ The last case cited above, Butterfield, also dealt expressly with the problem of circularizing to the trade literature warning against possible infringing activities. At page 462 of 202 F. Supp. the Court held in regard to certain publications, "It seems quite clear that the parties should not be permitted to conduct such activities and possibly impair or destroy rights, the exercise of which is the major point in controversy in this litigation." The Court stated that where there was a danger that the literature would unfairly and prematurely condemn or threaten those engaged in the trade, it should be enjoined. However, it has been established that a manufacturer may report the facts involved in a pending litigation and disclose them to its dealers or to dealers generally in the trade. However, such reporting must be reasonable and not calculated to unduly alarm the recipients by way of threats or rash conclusions. See Minnesota Mining & Mfg. Co. v. Polychrome Corp., 267 F.2d 772 (7th Cir. 1959).

■ The case discussed above and the law dealing with both phases of the defendant's motion in this case clearly indicate that the matter is discretionary. Therefore, this Court is of the opinion that the plaintiff should litigate its patent action in this forum against the party actually charged as being the manufacturer of the accused device. This will not preclude the plaintiff from commencing litigation in other fora against customers of the defendant, but it will, however, focus attention upon what this Court believes to be the crux of the controversy. The defendant has indicated that it has agreed to indemnify any of its dealers who may be sued. Furthermore, counsel for defendant has stated that his concern is financially responsible and the Court notes that it is an enterprise of some size.

A determination of the validity of the patent in this jurisdiction where the two adverse parties have first joined issue would materially facilitate the resolution of the entire controversy surrounding the litigation already instituted and any which may be instituted in the future. As stated before, the plaintiff is free to commence suits where they desire to exercise their rights within the statutory period.

■ In regard to the alleged malicious publication of warnings and threats this Court is of the opinion that this motion shall be presently denied. The Court has examined the literature as prepared in the exhibits submitted with the motion. Much of the literature published by the plaintiff is in accord with a reporting of the facts of the litigation, although somewhat emphasized. However, this Court wishes to express its opinion that such literature as contained in defendant's Exhibit 1 and Exhibit 5 boarders upon inflammatory publications. Therefore the plaintiff is directed to exercise discretion and restraint in publicizing or circular-

izing material in regard to this litigation. They should restrict their reporting to a straightforward disclosure of the facts and not resort to possible threats of triple damages or the like.

It is the order of this Court that plaintiff should be enjoined from proceeding with, but not from commencing, any and all other actions instituted against the defendant's wholesalers and customers relating to the patent infringement alleged in the instant action, until the present action is determined.

It is the order of this Court that the defendant's motion to enjoin the plaintiff from the publication of material is hereby denied without prejudice. The Court emphasizes that the parties take notice of the qualification expressed above as to the type of literature which should be the subject of trade information.

Let counsel for the defendant submit an appropriate order.