**APPLIED BIOCHEMISTS, INC., et al.,
Plaintiffs,**

v.

**A & V, INC., et al., Defendants.**

**No. 72–C–429.**

United States District Court,
E. D. Wisconsin.

Jan. 10, 1973.

Andrus, Sceales, Starke & Sawall, by Glenn O. Starke, Milwaukee, Wis., Foley & Lardner, by David E. Beckwith, and John R. Collins, Milwaukee, Wis., of counsel, for plaintiffs.

Michael, Best & Friedrich, by Andrew O. Riteris, Milwaukee, Wis., for defendants.

## DECISION

MYRON L. GORDON, District Judge.

The defendants in this patent infringement action manufacture and market algaecides which are alleged to be identical to the plaintiffs' patented products, Cutrine and Swimtrine. The patent here in question, 2,734,028, expires February 8, 1973. It is these facts which have provoked the defendants' motions which will be resolved in this decision.

The defendants note that algaecides have their greatest consumer use during the summer months of the year and that manufacturers often offer incentive programs to dealers and distributors which are directed at encouraging dealers and distributors to make stock purchases during the winter months for resale to consumers during the summer months.

The defendant Anderson has submitted an affidavit in which he asserts that the incentive programs offered by the defendant to algaecide dealers and distributors have had limited success. This lack of success is alleged to have been caused by a circular sent by the plaintiff Applied Biochemists to its dealers and distributors which contains the threat of legal action if the dealers and distributors sell the defendants' products. A copy of the circular here in question is attached to Mr. Anderson's affidavit.

The defendants have moved to compel the plaintiffs to send a corrective letter to its dealers and distributors expressly advising them of their right to purchase algaecides from anyone, including the defendants, for resale for use after February 8, 1973. In addition, the defendants have moved for an injunction prohibiting the plaintiffs from commencing legal action against any of its dealers and distributors who have purchased the defendants' algaecides, and for permission to file a counterclaim alleging unfair competition and bottomed on the circular sent by the plaintiff Applied Biochemists.

To protect his patent, the owner of a patent may notify persons suspected of infringement of his patent of the consequences of such infringement. Virtue v. Creamery Package Mfg. Co., 227 U.S. 8, 33 S.Ct. 202, 57 L.Ed. 393 (1913); Maclaren v. B-I-W Group Inc., 329 F.Supp. 545 (S.D.N.Y.1971).

The defendants do not contend that the plaintiffs had no right to notify the dealers and distributors and to threaten them with legal action if they infringed the plaintiffs' patent; however, the defendants assert that the plaintiffs' failure to include a reference to the expiration date of the plaintiffs' patent demonstrates that the notice was not sent in good faith and has the effect of extending the protections of the patent beyond the life of the patent. I disagree.

A patent is issued for a term of years and the owner of the patent may take such action as is necessary to protect his patent during the entire term of the patent. In my opinion, bad faith is not shown by a failure to include the expiration date of the patent. Cf. Embassy Industries v. Federal Boiler Co., 228 F.Supp. 780 (D.N.J.1964).

Accordingly, the sending of the notices here in question does not constitute unfair competition, and the motion for leave to file a counterclaim will not be granted.